Timothy R.E. KEENEY, et al.,

v.

Louis VINAGRO, Jr., et al.

No. 94–127–A.

Supreme Court of Rhode Island.

April 11, 1995.

Gary Powers (DEM), Terence J. Tierney, Asst. Atty. Gen., Patricia Solomon (DEM), for plaintiff.

James L. O'Neill, Providence, for defendant.

OPINION

PER CURIAM.

This matter came before a panel of the Supreme Court on March 21, 1995, pursuant

to an order directing Louis Vinagro, Jr. and New England Ecological Development, Inc. (defendants) to appear and show cause why this appeal should not be denied and dismissed. In this case the defendants have appealed from the lower court's grant of injunctive relief on the petition of Timothy R.E. Keeney, Director of the Department of Environmental Management (DEM) and Jeffrey Pine, in his capacity as Attorney General[1].

After reviewing the memoranda submitted by the parties and after hearing counsel in oral argument, this court concludes that cause has not been shown. The appeal will be decided on the merits at this time.

In this case plaintiffs had filed a complaint against defendants seeking injunctive relief. After hearing, the trial court granted a preliminary injunction. In opposing the complaint against them defendants asserted that the parties were barred from bringing the case to Superior Court under a 1990 consent agreement. They also challenged the constitutionality of G.L.1956 (1989 Reenactment) § 23–23–5(7) and G.L.1956 (1988 Reenactment) § 42–17.1–2(t).

The plaintiffs alleged that defendants had refused to allow DEM employees to examine defendants' property about which there had been complaints of smoke and odors. The DEM agents sought to exercise their authority pursuant to § 42–17.1–2(t), which allows examination of defendants' property at reasonable times as necessary. After hearing, the trial justice granted preliminary injunctive relief preventing defendants from refusing to permit DEM

"from exercising [its] right to enter at all reasonable times in or upon those portions of the property owned and operated by the defendants * * *, for the purpose of inspecting or investigating any conditions which the Director shall believe to be either an air pollution source or in violation of any of the rules and regulations or orders promulgated under § 23–23–1 et seq."

The injunction further required plaintiffs, in the absence of exigent circumstances, to provide contemporaneous notice to a managing agent and to permit that agent to accompany the DEM employees inspecting the property.

The trial justice found that DEM is authorized to investigate a condition that it believes is an air pollution source or which violates rules under this section. He found that the agent sought entrance onto commercial property, at a reasonable time, to investigate what he believed to be an air pollution violation. The trial justice specifically held that "[t]he director had the power and the duty to investigate the conditions reported to [his] department concerning the defendants' activities on the premises in question," pursuant to § 23–23–2(1) and (2). Thus, he ruled, the director did not have to obtain a search warrant in accordance with the probable cause standard before exercising this right.

■ The defendants assert in this court that the consent agreement between the parties, *Michael Annarummo v. Louis Vinagro,* Superior Court C.A. No. 90–5535, prevented the lower court from issuing injunctive relief. This argument was specifically rejected by the trial court. The trial justice stated that:

"[I]f the people of the state of Rhode Island are entitled to the aid of a court of equity of this State, where there is a statutory grant of jurisdiction to enforce the regulations, and the statutes of this State, in the interest of the public welfare of this court, the parties will not divest this court [of such statutory authority]."

The trial justice examined certain portions of the agreement regarding the inspection clause, which pertained to hazardous waste and not air pollution. The trial justice was clearly correct in finding that he had jurisdiction to rule on the request of injunctive relief.

■ The final issue raised by defendants is that § 23–23–5(7) primarily, and § 42–17.1–2(t), by association, violates the Fourth Amendment to the United States Constitution and art. 1, sec. 6, of the Rhode Island

1. The original named plaintiff, Louise Durfee, Director, has been succeeded by Timothy R.E. Keeney and his name has been substituted as the plaintiff.

Constitution, under *New York v. Burger*, 482 U.S. 691, 107 S.Ct. 2636, 96 L.Ed.2d 601 (1987). *Burger* involved a New York statute authorizing police officers to make warrantless inspections of vehicle-dismantling businesses. The Supreme Court held that a warrantless search of a pervasively regulated business is reasonable if the following three criteria are met:

"First, there must be a 'substantial' government interest that informs the regulatory scheme pursuant to which the inspection is made.

\* \* \*

"Second, the warrantless inspections must be 'necessary to further [the] regulatory scheme.' \* \* \*

"Finally, 'the statute's inspection program, in terms of the certainty and regularity of its application, [must] provid[e] a constitutionally adequate substitute for a warrant.'" *Burger*, 482 U.S. at 702–03, 107 S.Ct. at 2644, 96 L.Ed.2d at 614.

In this case after evaluating § 23–23–5(7) in accordance with this three-part test, the trial justice found that it met the constitutional requirements. Specifically, he found that the state had a substantial interest in "achieving and maintaining the goals of the Clean Air Act and to meet the problems of disposal of solid waste under the reference disposal law of this State."

For all these reasons the defendants appeal is denied and dismissed, the order and judgments of the trial court are affirmed, and the papers of the case are remanded to the Superior Court for further proceedings.

WEISBERGER, C.J., did not participate.